IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| JANE DOE, | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Case No. SAG-25-02813** |
| | * | |
| FRANK J. BISIGNANO, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Jane Doe filed this employment discrimination action against her former employer, the Social Security Administration ("SSA") and two of its officers in their official capacities (collectively, "SSA"). ECF 1. SSA has filed a motion to dismiss, citing a variety of grounds, including improper venue. ECF 20. Plaintiff has opposed the motion, ECF 29, and no reply has been filed. This Court has reviewed the filings and no hearing is necessary. *See* Loc. R.105.6 (D. Md. 2025). For the reasons stated below, this Court will GRANT IN PART SSA's motion, in that the case will be transferred to the Western District of Missouri for further proceedings, including resolution of the remainder of SSA's motion.

### A. Factual Background

Plaintiff's Complaint alleges that she worked as a Benefits Analyst Trainee ("BAT") at the Mid-America Program Service Center in Kansas City, Missouri. ECF 1-2 ¶ 7. Prior to her hiring, she informed her contacts that she would need accommodations for a disability, including a reserved parking space on "the federal lot."[1] *Id.* ¶¶ 8, 11. The Complaint details Plaintiff's

---

[1] While Plaintiff's Complaint appears to make cursory reference to other requested accommodations, the nature of those accommodations is not disclosed. Only the parking accommodation is discussed.

unsuccessful communications with local SSA officials regarding her parking requests. *Id.* ¶¶ 12–19. Plaintiff "heard reports" that a senior employee, David Marshall, provided a parking space for his daughter in the federal lot even before she began employment. *Id.* ¶ 16. In late 2023, BATs were offered an overtime opportunity that Plaintiff was unable to accept because she did not have a parking space on the federal lot. *Id.* ¶ 18. In early 2024, Plaintiff received an email stating that her manager had recommended that her requested accommodation for a parking space in the federal lot be denied. *Id.* ¶ 21. Plaintiff decided to accept an alternative accommodation, and she also reported the denial to her local union representative. *Id.* ¶¶ 21, 22. In Spring, 2024, Plaintiff received a Notice of Probationary Termination. *Id.* ¶¶ 23, 24. Despite her receipt of a letter stating that she could park in the federal lot east of the building to return items after termination, the security guard at the lot prohibited her from parking there. *Id.*

### B. Legal Standards

Where a defendant contests venue pursuant to Rule 12(b)(3), the plaintiff bears the burden to make a *prima facie* showing that venue is proper in the district in which the case was filed. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679–80 (D. Md. 2010). In assessing the plaintiff's showing, the court may consider evidence outside the pleadings and must view the facts in the light most favorable to the plaintiff. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012). More specifically, the Court must accept the facts alleged in the Complaint as true unless the defendant submits evidence by affidavit to the contrary, and where there is discrepant information submitted in parties' affidavits, must give greater weight to the evidence submitted by the plaintiff. *See Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988), overruled on other grounds by, *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames*, 620

S.E. 2d 352 (Ga. 2005). If venue is lacking, 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**C. Analysis**

SSA contends that venue in the District of Maryland is lacking, because Plaintiff, who is asserting a claim under the Rehabilitation Act of 1973 ("Rehabilitation Act") along with other statutes, is subject to the venue provision governing that statute. Rehabilitation Act claims are subject to the venue provision in Title VII, 42 U.S.C. § 2000e-5(f)(3). *See Doyle v. McDonough*, Civ. No. ELH-20-3478, 2021 WL 4846938, at *18 (D. Md. Oct. 15, 2021). Under that provision, venue lies:

> in any judicial district in the State [1] in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). The Title VII venue provision provides a more limited scope of venue as compared with the more general civil venue provision in 28 U.S.C. § 1391(b)(1) (allowing venue in "a judicial district in which any defendant resides").

Plaintiff argues that the second clause of Title VII's venue provision applies in this case, because SSA headquarters are in Maryland and she received a tax document from SSA's Maryland address. ECF 29 at 1–2. Those facts, however, do not establish that any records relevant to the alleged unlawful employment practice (the denial of an opportunity or accommodation to park in a particular parking lot in Kansas City, Missouri) are maintained and administered in Maryland.

Plaintiff cites *Williams v. American College of Education, Inc.*, Civ. No. 16-11746, 2017 WL 2424227 (N.D. Ill. June 5, 2017), for the proposition that "it is likely" that relevant records about employment practices would be located at the employer's headquarters. ECF 29 at 2. In *Williams*, however, the pertinent alleged employment practices included a demand that the plaintiff work at the headquarters in Indianapolis instead of the remote employment the plaintiff had contracted to perform. *Id.* at *1. In those circumstances, unlike a dispute about which local parking lot an employee could use, the likelihood that records would be found at headquarters is far greater.[2]

Essentially, Plaintiff has not offered sufficient evidence for this Court to find that she has made the required *prima facie* showing of proper venue for her Rehabilitation Act claim. While venue may lie in the District of Maryland as to her other claims, it would make little sense for her claims to proceed in two districts simultaneously, nor would it be practical for this Court to dismiss her Rehabilitation Act claim and permit the other claims to proceed here.[3] Accordingly, in the interest of justice and judicial economy, this Court will transfer this case in its entirety to the Western District of Missouri pursuant to 28 U.S.C. § 1406(a), which permits transfer in cases filed in an improper venue. This Court will decline to address the remainder of SSA's arguments for dismissal, as they should be resolved in the transferee court.

A separate Order follows.

Dated:  March 18, 2026                                  /s/
                                                 Stephanie A. Gallagher
                                                 United States District Judge

---

[2] Plaintiff also cites a Third Circuit case, *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (1970), regarding the plaintiff's choice of forum. That inquiry is relevant where a court is balancing factors to decide whether to transfer venue pursuant to 28 U.S.C. § 1404 and not where a court is assessing whether Title VII's restrictive venue provisions have been satisfied.

[3] Also, four of Plaintiff's claims are premised on Missouri law.